## BYINGTON v. QUINCY.

1. **Practice**: MOTION TO REINSTATE ACTION: TIME OF MAKING. A motion to reinstate a cause dismissed for want of prosecution need not be made within three days after the dismissal. Section 2838 of the Code has no reference to such a case.

2. ————: REINSTATEMENT OF DISMISSED ACTION: NEGLIGENCE OF COUNSEL: DISCRETION OF COURT. Where a cause stands ready for trial, and plaintiff's counsel fails to appear, and plaintiff also fails to appear, because not notified by counsel, as agreed, of the day fixed for the trial, and the case is dismissed for want of prosecution, such dismissal is without prejudice to a future action (Code § 2844), and it is no abuse of discretion for the court to reinstate the cause, upon motion of plaintiff made at the same term.

*Appeal from Clarke District Court.*

THURSDAY, · SEPTEMBER 20.

THIS action involves the title to forty acres of land in Clarke county. It is alleged in the petition that the plaintiff is the owner of the land under the patent title, and that defendant unlawfully keeps him out of possession, and that the action was brought within one year after the plaintiff attained the age of majority. The defendant, by his answer, claims to be the owner under a tax sale and deed, and he avers that he has been in the adverse possession and occupation of the land for more than ten years, and that plaintiff did not bring his action for the recovery of the land within one year after arriving at the age of majority, as provided by law. There are other allegations as to the value of the land, and the value of the improvements thereon. The answer was filed April 13, 1882. The cause stood. for trial at the November term of court in that year. It was reached for trial on the twenty-third of November, and, the plaintiff failing to appear, it was dismissed for want of prosecution, at the cost of the plaintiff.

On the twenty-eighth of November, 1882, the plaintiff

appeared and filed a motion to reinstate the cause upon the docket, and on the same day the motion was sustained, on condition that plaintiff pay the costs of the term. The defendant objected, and excepted to the order sustaining the motion, and he appeals.

*John Chaney* and *B. H. Mitchell*, for appellant.

*R. W. Byington*, for appellee.

ROTHROCK, J. The showing made to set aside the order of dismissal and reinstate the cause was an affidavit of the plaintiff, which was in the following words:

"I, Ottoe A. Byington, on my oath depose and say, that I am the plaintiff in the above entitled cause, and that the case was brought in this court for the purpose of determining plaintiff's interest and estate in a certain tract of land, situated in Clarke county, Iowa. That after the commencement of said action, needing the assistance of a resident attorney, plaintiff, by his attorney, R. W. Byington, employed Richard Stockton, an attorney at law in Osceola, Iowa, to assist professionally in the prosecution of said cause. That, relying upon said engagement, plaintiff wrote said Stockton a few weeks prior to the commencement of the present term to inform him (plaintiff) in which day's assignment said cause was set, so that plaintiff could be present at the trial thereof. That said Stockton wrote in reply that he would inform plaintiff when his presence would be necessary. That plaintiff did not receive the promised information from said Stockton during the first week of the session of court; he apprehended that it had been overlooked by him (Stockton), and, therefore, came to Osceola to assist in the trial of said cause; that on his arrival in Osceola he was astonished to learn, upon inquiries, that Stockton had left town a few weeks before, that his whereabouts was unknown, and that plaintiff's cause had been dismissed. That said cause was dismissed wholly without fault of plaintiff, as he engaged the services of Mr. Stock-

ton, as a reputable attorney of the Clarke county bar. That by reason of such reliance, in good faith, plaintiff was deceived and misled, and would otherwise have been present and tried said cause, being prepared so to do."

The appellant insists that the court had no right nor power to entertain the motion, because it was not made within three days, as required by section 2838 of the Code. That section does not appear to be applicable to a motion by a plaintiff to reinstate a cause which has been dismissed for want of prosecution. The application there referred to is for a new trial, in an action which has been actually tried and determined. It has no application to a proceeding like this.

It is claimed that the showing of diligence was insufficient to warrant the court in reinstating the case. It is urged that the only showing made is the negligence of the plaintiff's attorney in failing to notify plaintiff when the cause would be reached for trial. It is true, as claimed by counsel, that negligence of an attorney is generally to be imputed to the client, as held in *Jones v. Leech*, 46 Iowa, 186, and cases there cited. But this rule is applied in applications to set aside defaults, where judgments or verdicts binding upon the parties have been entered. The plaintiff was not in default for a pleading, because the defendant had pleaded no defense that required a reply. The cause stood ready for trial, and the plaintiff failed to appear. The order of dismissal was made under section 2844 of the Code, which expressly provides that such dismissal shall be without prejudice to a future action. There was, then, no final adjudication of the rights of the parties to the action. We think the court was clothed with the discretion to reinstate the cause, and the record discloses no abuse of discretion, especially in view of the fact that both parties were before the court when the order was made.

AFFIRMED.