### N. W. EGGLESTON, Appellant, v. JOHN WATTAWA.

**Summons:** INSUFFICIENCY: *Construction of foreign statute.* Under Ann. St. S. D., 1901, section 6093, providing that summons shall require defendant to answer the complaint, and section 6095, declaring that, if a copy of the complaint be not served. with the summons, the summons must state where the complaint will be filed, the service of the summons reciting that. the complaint will be filed in the "office of the clerk of the district court" for a named county, is ineffectual to give the circuit court of that county jurisdiction of the defendant, there. being no such court as the "district court."

*Appeal from Winneshiek District Court.*—HON. L. E. FELLOWS, Judge.

FRIDAY, OCTOBER 24, 1902.

ACTION on a judgment recovered by default in the circuit court of South Dakota in and for Brule county. Defendant demurred on the ground that the summons in the action on which the judgment was recovered was not sufficient to give the court jurisdiction. The trial court sustained this demurrer, and, on plaintiff's election to stand on his petition, rendered judgment for defendant, from which plaintiff appeals.—*Affirmed*:

*James Brown* and *N. Willett* for appellant.

*John B. Kaye* for appellee.

MCCLAIN, J.—Although the action on which the judgment was rendered in South Dakota was entitled in the circuit court, the summons required defendant "to answer the complaint of N. W. Eggleston, plaintiff, which will be filed in the office of the clerk of the district court within and for said Brule county, at Chamberlain, Brule Co., S. D., and to serve a copy of your answer to the said complaint on the subscriber at the office in the city of Chamberlain, S. D., in said county and state, within thirty days after the service of this summons, exclusive of the day of service, or the plaintiff will apply to the court for the relief demanded in the complaint, besides costs." This summons was served on January 9, 1892. The complaint on which judgment was rendered by the circuit court of Brule county was not filed until December 9, 1892, and judgment by default was entered on that day. The provisions of the statutes of South Dakota, set out by plaintiff in his petition, provide, with reference to the summons, that it shall require defendant "to answer the complaint and serve a copy of his answer on the person whose name is subscribed to the summons, at a place within the state to be therein specified, in which there is a postoffice, within 30 days after the service of the summons, exclusive of the

day of service." It is evident that under such statutory provision the summons in question was fatally defective in not correctly naming the court in which the complaint would be filed. The statutes of the state do not, so far as made to appear in this record, specifically require that the court in which the defendant is to appear shall be named, but certainly that is essential to such a notice as would be sufficient to constitute due process of law. Moreover, it is required by the statutes of that state, if a copy of the complaint is not served with the summons, that "the summons must state where the complaint is or will be filed." The summons in question did not state that essential fact, for no complaint was ever filed in the "district court." There was in fact no such court then in existence, the "district court," as known under the territorial government, having been replaced by the "circuit court" by the provisions of the constitution under which the state was admitted. This change of courts is pleaded in the case by plaintiff as an excuse for the mistaken description, but the fact remains that defendant was not notified that the complaint would be filed in the circuit court, in which the judgment was rendered, but was advised that it would be filed in another court, which in fact did not exist. Under such circumstances we think defendant was justified in assuming that no valid judgment could be rendered against him. The circuit court acquired no jurisdiction, and the judgment on which this action is based was therefore void. See, as bearing in general on the question, *Lyon v. Vanatta*, 35 Iowa, 521. Other questions are argued, but, as they involve the construction of statutes of another state, their decision would be of no advantage to any one.

The demurrer was rightly sustained, and the judgment is AFFIRMED.