124  351
f131  303

124  351
f133  696

---

JOHN C. HUNTER, Appellee, v. LUCY R. PORTER, HENRY E. PORTER, J. N. RICHEY, N. B. RICHEY, Appellants.

Practice: NEW TRIAL. A new trial may be granted, on the ground of
1 newly discovered evidence, at or after the term at which the verdict was rendered, and within one year from entry of judgment on such verdict.

New trial: PROCEDURE. It is immaterial that an application for a new trial is by petition rather than by motion, where the statements are sufficient to constitute a good motion, even though the proper proceeding is by motion.

New trial: DISCRETION OF TRIAL COURT. An order granting a new trial will not be disturbed, when there is not an abuse of discretion.

*Appeal from Johnson District Court.*— Hon. M. J. Wade, Judge.

Friday, June 10, 1904.

Appeal from an order granting a new trial upon application of the plaintiff as against the defendants Richey.— *Affirmed.*

*Henry E. Porter* and *Baker & Ball,* for appellants.

*Remley & Ney,* for appellee.

Weaver, J.— The questions raised by the appeal do not require any discussion of the issues in the principal case. Upon the return of the verdict, plaintiff filed a motion for a new trial, assigning various alleged errors appearing in the record. Later (the date is not stated) the motion was amended by alleging newly discovered evidence. Some months after the trial, but within the year, plaintiff withdrew the amendment to his motion, and filed a separate petition or application for a new trial; alleging as ground for such order the discovery of new and material evidence. After hearing testimony in behalf of both parties, the application was granted, and a new trial ordered. It is from this order appeal has been taken.

I. It is first argued by the appellants that, as no judgment had been entered upon the verdict, the trial court was without authority or jurisdiction to entertain the application for new trial. The provisions of the Code relating to new trials, so far as pertinent to this case, are as follows: Section 3755 recites nine different grounds upon

1. Practice: new trial.

which the court may order a re-examination or retrial of an issue of fact, and among the ground so enumerated is " newly discovered evidence material for the party applying which he could not with reasonable diligence have discovered and produced at the trial." By section 3756 it is provided that, unless the time be extended by the court, a motion for new trial under the preceding section must be filed within three days after the verdict, but the same section excepts from the operation of this rule motions based on claims of newly discovered evidence. Section 4091 provides that, where a final judgment or order has been rendered or made, the district court, in addition to the causes for a new trial before authorized, may, after the term at which the same was rendered or made, vacate or modify the same, or grant a new trial, upon either of six different grounds there stated, which list does not include newly discovered evidence. Section 4092 reads as follows: " *New Trial after Term.* Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, the application may be made by petition filed, on which notice shall be served upon the successful party and returned, and he be held to appear as in an original action. The facts stated in the petition shall be considered as denied without answer, and tried by the court as other actions by ordinary proceedings, but no such petition shall be filed after one year from the rendition of final judgment." It will be observed that while sections 3755 and 3756, by necessary implication, permit the filing of a motion for new trial on the ground of newly discovered evidence more than three days after the rendition of the verdict, they do not directly or by implication indicate the time when that right or privilege shall cease. But taking the sections herein referred to together with section 4092, it appears to have been the evident intention of the Legislature to permit such applications to be made at any time either at or after the term at which the verdict sought to be set aside

was rendered, and until the expiration of one year from the entry of judgment on such verdict. *First Nat. Bank v. Murdough,* 40 Iowa, 26. If, then, as is claimed, no judgment had been entered on this verdict, it follows that plaintiff's application was timely.

The objection that the application was by petition, and not by motion, does not seem to have been raised in the trial court;
2. New trial: procedure. but, even if there raised, the petition appears to have contained all the statements necessary to constitute a good motion, and there would be no error in treating it as such, were it essential to proceed by motion — a question we do not decide. *Bank v. Murdough, supra; Storm Lake v. R. R.,* 62 Iowa, 218; *Council Bluffs L. Co. v. Jennings,* 81 Iowa, 470. The objection to the jurisdiction of the court is not well taken.

II. Other points made in argument have reference to the sufficiency of the showing made for a new trial — the
3. New trial: discretion of trial court. plaintiff's diligence or lack of diligence in discovering the alleged new evidence, and the materiality, weight, and credibility of such evidence. As we have often had occasion to say, the granting of a new trial is peculiarly within the discretion of the trial court, and, unless it clearly appears that such discretion has been abused, this court will not reverse such an order, even though, as an original proposition, we would not be disposed to grant it. We shall not attempt to set out the controversy between the parties, nor to recapitulate the evidence on which the new trial was granted. The testimony alleged to have been newly discovered was material, and would have been admitted, had it been produced upon the trial, and we cannot say it might not have influenced the verdict of the jury. Neither can we say that the finding of the trial court, that plaintiff had been reasonably diligent in discovering the new testimony and in prosecuting his application for new trial, is without support in the record.

No reversible error appears, and the order appealed from is AFFIRMED.