GAAR SCOTT & Co., Appellant, v. J. W. TAYLOR, J. N. MOORE, and W. A. MOORE.

**Suretyship:** RELEASE OF SECURITY BY MISTAKE: PREJUDICE. Where
1  sureties on a promissory note were promptly informed that a chatttel mortgage of the principal debtor had been released by mistake and that the note was still unpaid, and the property covered by the mortgage remained for some time in the hands of the principal debtor, such sureties could not complain of the release as prejudicial to them because thereby deprived of their right of subrogation.

**Payment:** MAILING OF CURRENCY. The mailing of currency in an
2  unregistered letter, where the act was not authorized by the payee and the money was never received by him, does not constitute a legal payment.

**Service by publication:** JURISDICTION. Where the service of an
3  original notice by publication cannot be completed until after the time defendant is directed in the notice to appear and de-

fend, the court acquires no jurisdiction either of the person or subject matter.

**Service of original notice:** ADJUDICATION. Where it was claimed in resistance to a motion for a new trial on the ground of lack of service, that jurisdiction to render the judgment was conferred solely by service of notice upon an agent of defendant, the overruling of the motion generally did not amount to an adjudication of the question of service by publication.

*Appeal from Mahaska District Court.*— HON. W. G. CLEMENTS, Judge.

SATURDAY, OCTOBER 21, 1905.

ACTION in equity to set aside and cancel a release of a chattel mortgage, and to set aside a judgment, and to recover of the defendants on a promissory note. The release and judgment were canceled, and judgment was rendered for the plaintiff against the defendant Taylor, and the action was dismissed as to the defendant Moore. The plaintiff and Taylor apeal; the plaintiff will be designated as the appellant. Reversed on plaintiff's appeal, and affirmed on defendant's appeal.

*Carr, Hewitt, Parker & Wright,* for appellant.

*H. H. Sheriff,* and *Liston McMillan,* for appellees.

SHERWIN, C. J.— In 1897 the defendant Taylor gave to the plaintiff two promissory notes, one for $175, due January 1, 1899, and one for $200, due January 1, 1900, and the latter one was signed by the Moores, who were in fact sureties only. To secure the payment of the two notes, Taylor executed and delivered to the plaintiff a mortgage on personal property. The notes and the mortgage were sent to the plaintiffs in Indiana, where the note sued on herein, the last one, remained until the present suit was instituted. The $175 note was sent to a bank in Oskaloosa for payment, at the request of Taylor, and was paid in January, 1899, soon

after it became due.   When the draft paying this note was received by the plaintiff's agents, the agent having the particular business in charge, erroneously understanding that it paid the full indebtedness of Taylor, caused a release of the mortgage to be executed and sent the same to him on the 12th day of January, 1899.   After Taylor had received it, he wrote to the plaintiff, under date of February 11, acknowledging the receipt of the mortgage and release, and saying that he had paid the note of $200, and requesting that it be forwarded to him.   The plaintiff answered this letter on the 20th of February, denying the payment of the note, and requesting the return of the mortgage because it had been sent by mistake.   Taylor did not return the mortgage, and in the latter part of March, 1899, he commenced an action in the district court of Mahaska county, Iowa, against Gaar, Scott & Co., asking a decree adjudging the note paid and restraining the defendants from transferring the note, or attempting to foreclose the mortgage.   An attempted service by publication was made, and, there being no appearance on the part of the defendants, default was taken and a judgment as prayed entered thereon in October, 1899.   In May, 1901, Gaar, Scott & Co. filed a motion in that case, asking that the default and judgment be set aside, because the same had not been entered more than two years, and for the further reason that no service had been made on them except " by the claimed notice of publication."   An answer was also filed in that case, setting up a defense to the original action and stating that the defendants therein had never had actual notice that the suit was pending.   Various objections to the motion were made, but it is not necessary to set them out.   None of them raised the question of the sufficiency of the notice by publication.   On the other hand, the resistance to the motion, so far as it related to the question of service, claimed that service was made on Fred J. Marshall, who, it was claimed, was an agent of Gaar, Scott & Co.   The motion to set aside the default and judgment was

overruled.   In the instant case, the plaintiffs plead that the judgment in the case of Taylor as plaintiff was absolutely void for want of jurisdiction.   The defendants plead payment of the note and former adjudication, and the Moores claim a release as sureties because of the facts narrated.

But little need be said concerning the alleged payment. Taylor claims to have sent the money therefor before the note was due or demand had been made for payment, in-

**2. PAYMENT:** closing currency in an unregistered letter which
mailing of
**currency.** he mailed at a rural post office near his home. If his testimony be true, his act would not be a legal payment, because it is conclusively proven that the plaintiff did not receive the money, and there is no pretense that he was authorized to remit at the time or in the manner which he claims to have done.

The judgment in the case of Taylor against Garr, Scott & Co. was absolutely void for want of jurisdiction.   The appellees now concede that no jurisdiction was acquired by

**3. SERVICE BY** reason of the service on Fred J. Marshall, the
**PUBLICATION:**
**jurisdiction.** alleged agent, and it is only necessary therefore to determine whether the service by publication conferred jurisdiction.   The published notice required the defendants, Gaar, Scott & Co., to appear on the second day of the April, 1899, term of court, "which will commence on the 11th day of April."   The first publication of the notice was on the 8th day of April, and the completed service could not be sooner than the 29th of the same month, under section 3535 of the Code.   Section 3536 of the Code provides that, "when the foregoing provisions have been complied with, the defendant so notified shall be required to appear as if personally served on the day of the last publication within the county in which the petition is filed."   Under the statute, the notice was not served until the 29th day of April, and it required the defendant to appear on the 12th day of the same month.   The notice required an impossibility.   It is in law no notice, and the court had no jurisdiction of the

party or of the subject-matter. *Boals v. Shules,* 29 Iowa, 507; *Genther v. Fuller,* 36 Iowa, 604; *Haws v. Clark,* 37 Iowa, 355; *Hoitt v. Skinner,* 99 Iowa, 360; *Fernekes & Bros. v. Case,* 75 Iowa, 152.

The appellees contend that there was an adjudication in the original action to cancel the note and mortgage and also in the motion to set the judgment aside. There could be no

4. SERVICE OF ORIGINAL NOTICE: adjudication.

adjudication when there was no jurisdiction, and we confine ourselves to a consideration of the last point. The motion for a retrial was based on section 3796 of the Code, which has been held not to apply where the judgment is void because of the want of jurisdiction. *Smith v. Griffin,* 59 Iowa, 409. The motion was overruled generally, and, as the plaintiff therein relied solely upon the service of the notice on the agent of Gaar, Scott & Co., it is evident that there was no adjudication as to the sufficiency of the notice by publication; hence the ruling was not an adjudication on that question, and it being now conceded that there was no other service, the judgment is subject to direct attack in this proceeding.

The appellees' principal contention, however, is that the judgment should not have been set aside because the plaintiff herein did not comply with section 3796, in various particu-

1. SURETYSHIP: release of security by mistake: prejudice.

lars. But, as we have seen the section is not applicable to a case of this kind. The only prejudice claimed by the sureties, Moore, is that they were deprived of the right of subrogation by the release of the mortgage. They were informed that the execution of the same was under a mistake of fact very soon after Taylor received it, and yet they say that they relied solely on Taylor's statement to them that he had paid the note. As a matter of fact, the mortgaged property was not disposed of by Taylor until in 1902 or 1903, long after the Moores were notified of the mistake claimed, and of the claim that the note was still unpaid. The plaintiff has at all times since the 20th day of February, 1899, maintained that

the debt was unpaid and the mortgage still unsatisfied, and has never by word or act consented to the sale of the property. If the sureties were misled by the execution of the release, they were correctly informed of its true character some three or four years before the property was sold by Taylor, and they are now in no position to say that the plaintiff is to be blamed therefor, or that they have suffered prejudice on account of its act. Under the issues and evidence the sureties are clearly liable on the unpaid note, and the plaintiff will have judgment against them therefor with interest and costs. The judgment is affirmed on the defendant Taylor's appeal, and reversed on the plaintiff's appeal.

*Reversed* on plaintiff's appeal; *affirmed* on defendant's appeal.