C. C. BECK v. E. A. VAUGHN ET AL., Appellants.

Intoxicating liquors: INJUNCTION: NOTICE: JURISDICTION. When 1 a temporary injunction is sought to restrain an alleged liquor nuisance the same formality of notice is required as in any other form of action, and a notice which fails to name the judge to whom the application will be made and the particular place where it will be heard is insufficient and does not confer jurisdiction, and any decree entered in pursuance thereof is void and may be assailed in any court.

Same: WANT OF JURISDICTION: WAIVER. Appearance to a contempt 2 proceeding for violating a temporary injunction, which was issued without jurisdiction, will not confer jurisdiction to enter a valid decree on final hearing.

Nuisance: JURISDICTION: ACTION IN NAME OF STATE. Only the 3 county attorney is authorized to bring an action in the name

of the State to restrain a nuisance and when so brought in the name of another the court does not acquire jurisdiction.

**Injunctions:** COSTS. The costs in an action to enjoin the enforce-4 ment of an illegal decree abating a nuisance are properly taxable to the party who was active in procuring the decree to abate the nuisance.

*Appeal from Linn District Court.*— HON. B. H. MILLER, Judge.

FRIDAY, MAY 17, 1907.

SUIT in equity to enjoin the defendant from attempting to enforce a decree of the District Court enjoining the plaintiff herein from keeping a nuisance, and asking that the decree so enjoining him be set aside. There was a judgment for the plaintiff, from which the defendants appeal.— *Affirmed.*

*Chas. W. Kepler & Son,* for appellants.

*E. C. Barber, J. M. Gray,* and *John A. Reed,* for appellee.

SHERWIN, J.— In January, 1905, the defendant E. A. Vaughn commenced an action, in the name of the State of Iowa, against C. C. Beck, the plaintiff herein, Orie Hunter, and others for the April term, 1905, of Linn county, alleging in said petition that the defendants were unlawfully keeping and selling intoxicating liquors in a certain building within said county. The petition asked that a temporary writ of injunction issue, and that on final hearing it be made perpetual. A notice was served on the defendants, which, so far as material in our inquiry, was as follows: "You are hereby notified that the plaintiff will on the 7th day of January, 1905, at 9 o'clock, at Marion, Iowa, make application to the honorable judge of the District Court of the Eighteenth District of Iowa on the petition for an order for a tem-

porary injunction and a permanent injunction upon final hearing, . . . and you can appear at said time and resist said application if you so desire.  J. M. Tallman, Attorney for the plaintiff." No other notice was served on the plaintiff, Beck, and on the 7th day of January, 1905, C. G. Watkins, who was then County Attorney of Linn county, appeared before the judge of the District Court and asked permission to appear and prosecute in behalf of the State.  His application was granted, and the temporary hearing was continued until January 9th following.  There was no appearance on the part of Beck on January 7th, nor on January 9th, and on the latter date the application for a temporary writ was heard and a temporary injunction issued by the District Court of Linn county.  This temporary injunction was made perpetual in June, 1905.  On the 13th of January, 1905, a copy of the decree granting a temporary injunction was served on the plaintiff, Beck, and on the 25th day of January, 1905, on a showing made by Vaughn that Beck had violated the temporary injunction that had been issued and served on him, Beck was notified to appear and show cause why he should not be punished for contempt.  He appeared in the contempt proceedings, and filed a motion to dismiss, and afterwards a demurrer to the petition, alleging, among other things, that the judge had no jurisdiction to punish for contempt, because no proper notice was served on him of the commencement of the suit.  The motion to dismiss and the demurrer were overruled, and a trial was had in the contempt proceedings, and Beck was discharged.  Thereafter this suit was brought to cancel the decree granting the permanent injunction, and to enjoin the defendants from proceeding thereunder, as we have heretofore said.

From the foregoing statement of facts, it is at once apparent that the controlling question in this case is whether the judge granting the temporary writ of injunction had jurisdiction of the person of plaintiff, Beck.  The appellee contends that there was no jurisdiction, and because thereof

that the decree was absolutely void; while the appellants
take the position that the notice was, at most,
a defective notice, that the Judge had juris-
diction, and that the appellee cannot assail the
decree granting the temporary writ or the decree granting
the permanent injunction in an independent action such as
this.    We are of the opinion that the notice set out conferred
no jurisdiction upon the judge to make an order for a tem-
porary writ.    Code, section 2405, provides for actions to
abate liquor nuisances, and also, provides that in such action
the court, or a judge in vacation, shall upon the presentation
of a petition therefor, allow a temporary writ of injunction
without bond, and the further provision is therein made that
three days' notice in writing shall be given the defendant of
the hearing of the application for the temporary writ of in-
junction.    It is very evident that, when a temporary writ
of injunction is asked of the court, the same formality of
notice is required by this statute that is required in any other
form of action, and that nothing less will confer jurisdiction
upon the court.    So far, then, as this notice may be claimed
to have advised the defendants named therein that applica-
tion would be made to the District Court of Linn county for
a temporary writ of injunction, it was wholly insufficient.
Code, section 3514, provides that the original notice of the
commencement of an action shall advise the defendant that a
petition on or before the date named therein will be filed in
the office of the clerk of the court wherein action is brought,
naming the time at which it will be necessary for the defend-
ant to appear and defend.    The notice in question clearly
does not comply in any respect with this statute, and, unless
it can be said that it was a sufficient notice of the application
to a judge in vacation, it clearly was insufficient to confer
jurisdiction for any purpose.    The notice does not name the
judge to whom the application for a temporary writ will be
made, nor does it state the place where the judge may be
found, any farther than naming the city generally where the

1. INTOXICATING
LIQUORS: in-
junction: no-
tice: jurisdic-
tion.

application will be made. This, under the rule of our cases, was clearly insufficient. *Kitsmiller v. Kitchen,* 24 Iowa, 163; *Boals v. Shules,* 29 Iowa, 507; *Lyon v. Vanatta et al.,* 35 Iowa, 521. The court being without jurisdiction, the decrees ordering the temporary writ and making the injunction perpetual were absolutely void and can be assailed and cancelled in any court. *Arnold v. Hawley,* 67 Iowa, 313; *State Ins. Co. v. Waterhouse,* 78 Iowa, 674.

The appellants urge, however, that, although the decree ordering the temporary writ may have been without jurisdiction, the appearance of the plaintiff, Beck, in the con-

2. SAME: want of jurisdiction: waiver.

tempt proceedings gave the court such jurisdiction of his person as to enable it to enter a valid decree upon the final hearing of the injunction proceeding. This cannot be so; the proceeding for contempt in violating either a temporary or permanent injunction restraining the illegal sale of intoxicating liquors is a quasi criminal proceeding incidental only to the main action, and an appearance therein, either on citation from the court or by virtue of a warrant of arrest can in no proper sense be held to be such a voluntary appearance in the main action as will confer jurisdiction. *Fisher v. Cass County District Court,* 75 Iowa, 232; *Dist. Twp. of Lodo Millo v. Dist. Twp. of Cass,* 54 Iowa, 117.

There is another reason why the notice of the application for a temporary writ of injunction may well be held to have conferred no jurisdiction. Code, section 2406, provides

3. NUISANCE: action in name of State: jurisdiction.

that actions to enjoin nuisances may be brought in the name of the State by the county attorney, or that any citizen of the proper county may institute and maintain such a proceeding in his own name. The original notice in this case showed that the action was brought in the name of the State, but it also affirmatively showed that it was not brought by the county attorney. These actions are regulated wholly by the statute, and in bringing them there must

be a substantial compliance therewith. The people of a county are presumed to know who their officials are, and, no one but the county attorney being authorized by section 2406 to bring such an action in the name of the State, the defendant named therein was not bound to respond to such an action brought by an attorney other than the county attorney.

In this case, the district court entered a judgment restraining the defendants as prayed, and taxed the cost of this action to the defendant E. A. Vaughn. This Vaughn complains of. It is made to appear that Vaughn was the active party in the proceedings against Beck, and also that he was the party threatening to institute further proceedings against Beck based on the injunction decree. Vaughn's codefendants are nominal only, being attorneys and the clerk of the court. We are therefore of the opinion that the costs of the case were properly taxed against Vaughn, and that he should pay the costs on appeal. It is not a case where a prosecution has failed, under section 2412 of the Code. If it were, a different rule would apply.

*4. INJUNCTIONS: costs.*

We find no cause for reversing the judgment of the district court, and it is *affirmed*.