ERMA M. SCOTT, Appellant, v. UNION MUTUAL CASUALTY COMPANY, Appellee.

No. 42167.

DECEMBER 12, 1933.

Joseph C. Picken, for appellant.

Harold S. Thomas, for appellee.

DONEGAN, J.—On August 6, 1930, Erma M. Scott, the beneficiary in a policy of casualty insurance issued by defendant, Union Mutual Casualty Company, to her husband, brought action in the district court of Polk county, Iowa, for $5,000, alleging accidental injuries causing his death. On September 6, 1930, the defendant company filed a motion for a cost bond, and bond was filed by plaintiff on September 18, 1930. On September 16, 1930, by order of court, the defendant was given ten days to plead after the filing of cost bond. On December 3, 1930, the defendant filed its answer.

No trial notice was filed for the January, March, or May terms, 1931, of said court, and on June 15, 1931, there was published in the Des Moines Daily Record, the official paper of the district court of Polk county, Iowa, the following notice:

"Notice to Attorneys. Notice is hereby given, according to the rules of practice of the Ninth Judicial District of Iowa, that the following law cases which had been on the docket for three consecutive terms and not noticed for trial will be dismissed by the court on or after June 24, 1931, unless good cause is shown to the undersigned before said date, why such action should not be taken. Dated June 12, 1931. Signed, Loy Ladd, Judge."

In the list of cases referred to in said notice there was included Cause No. 39404—Law, which was the number of the instant case. On June 25, 1931, the following order was entered by Judge Ladd: "It is hereby ordered that the following cases be and they are hereby dismissed for want of attention at plaintiff's cost." Among the list of cases thus dismissed was the case of "Erma M. Scott vs. Union Mutual Casualty Company, Law, No. 39404–76."

On May 10, 1932, the following motion was filed:

"Comes now Erma M. Scott, the plaintiff in the above entitled

cause; and on her affidavit and the affidavit of William E. Miller herewith submitted, moves the court to set aside the order of dismissal entered by this Court on the twenty-fifth day of June, 1931, and to reinstate the cause.

"The plaintiff respectfully refers the Court to the case of Byington v. Quincy, reported in 61 Iowa 480, 16 N. W. at page 582.

"Cunningham & Scott,
"Attorneys for Plaintiff."

Attached to this motion was an affidavit of plaintiff, Erma M. Scott, and an affidavit of Wm. E. Miller. On November 4, 1932, defendant filed a resistance to plaintiff's motion to reinstate. Hearing was had on said motion to reinstate, and on December 22, 1932, an order was entered by Judge O. S. Franklin overruling plaintiff's motion to reinstate. From this order the plaintiff has appealed.

The first two errors relied upon by plaintiff for reversal are as follows:

"I. Because plaintiff's action was dismissed as a result of unavoidable casualty, misfortune, mistake and/or misunderstanding and all without fault imputable to her.

"II. Because reasonable excuse was shown, by affidavit of plaintiff and her counsel for the so-called 'Want of Attention' which was the cause of dismissal by the Court, to warrant the setting aside of the default."

These two allegations of error may be considered together.

I. Rule 3 of the district court of Polk county, Iowa, which was in force at the times herein involved, was as follows:

"The Judge of the Assignment Division, whenever it is deemed advisable, upon ten (10) days notice, published in the Daily Record giving the numbers of such cases, may dismiss any case for want of attention which has been upon the docket for three consecutive terms, and not noticed for trial unless good cause be shown why such action should not be taken."

It further appears without dispute that the Des Moines Daily Record was the official paper of the district court of Polk county, Iowa.

In the motion for the reinstatement of the case, the grounds for such reinstatement were not set forth in the motion, but the court

was asked to reinstate the case upon the affidavits of the plaintiff and Wm. E. Miller attached to the motion.

In the affidavit of the plaintiff attached to said motion, she states in substance that she employed Bloom & Bloom, a firm of attorneys in Washington, Pa., which was the place of her residence, and instructed them to bring suit upon the policy of insurance involved in this action; that said attorneys desired resident counsel at Des Moines, and, acting for her, employed Wm. E. Miller as such resident counsel; that thereafter she was informed that a petition had been filed in this cause by said William E. Miller on the 6th day of August, 1930, and that original notice had been served on the defendant; that she supposed that the matter was being attended to with diligence by said Wm. E. Miller, and was so informed by Bloom & Bloom; that she later became alarmed at the delay in the prosecution of the cause and about November 23, 1931, requested Bloom & Bloom to secure other local counsel in Des Moines, Iowa; that Paul H. Cunningham had been recommended to her, and she instructed Bloom & Bloom to secure his services; that Bloom & Bloom wrote to Wm. E. Miller on the 23d day of November, 1931, informing him of her request; that on the 25th day of November, 1931, the said Wm. E. Miller replied, and informed Bloom & Bloom that her action had been dismissed on the 25th day of June, 1931, for want of prosecution and failure to file a trial notice; that she relied upon Bloom & Bloom, who were reputable attorneys, and upon their correspondent counsel to guard her rights with diligence; and that by reason of such reliance she was misled.

From the affidavit of Wm. E. Miller, attached to the motion, it appears that he never was retained or paid any fee as attorney for plaintiff, and never entered into any agreement or contract with plaintiff or her attorneys fixing the amount of his compensation or as to whether such compensation should be certain or contingent; that at the request of Bloom & Bloom he prepared the petition in the case by copying substantially a statement of claim which said attorneys had previously filed in a Pennsylvania court; that no copy of the policy was furnished to him; that he caused the original notice to be served upon the defendant and paid the filing fee and service fee for which he was reimbursed by Bloom & Bloom; that he never received from plaintiff or her attorneys any information, data, or evidence whatsoever as to the cause of the death of plaintiff's husband other than the matters stated in the petition; that upon the

filing of defendant's motion for a cost bond he promptly informed Bloom & Bloom and advised them how to proceed; that on the filing of defendant's answer on December 3, 1930, he, on the same day, sent a copy thereof to Bloom & Bloom, but received no acknowledgment of the receipt thereof; that during the summer of 1930, in his early correspondence with Bloom & Bloom, they informed him that they desired the suit in Polk county to await the trial or disposition of some similar suit or suits in Pennsylvania; that on November 4, 1930, the attorney for defendant called at his office and gave him information concerning the case, based on an investigation which such attorney had made in Pennsylvania; and that on the next day, November 5, 1930, he wrote Bloom & Bloom giving them the information which he had received from the attorney for the defendant. In this letter, a copy of which is set out in the affidavit, it was stated that the defendant had nothing to offer by way of settlement, but would contest the case. This letter also contained the information that the defendant claimed that the insured had died of apoplexy and not of the effects resulting directly and exclusively of all other causes from bodily injuries. In this letter it was also stated that the attorney for defendant was disposed to file an answer and proceed to take depositions, and there was a brief statement of the procedure followed in taking depositions. The affiant stated that the receipt of the foregoing letter was never acknowledged, nor was it answered by the plaintiff or her attorneys; that, having no brief of facts and getting no answers to his letters of November 5 and December 3, 1930, and no move having been made by the defendant to take depositions, affiant filed no trial notices at the succeeding terms, and gave the matter no further attention, as nothing seemed to be required of him by plaintiff or her attorneys; that the dismissal of the case was without notice to him and without his knowledge; that the last word received by him from Bloom & Bloom was dated October 6, 1930, and related to the furnishing of the cost bond; that, following this letter, he heard nothing from them until he received a letter dated November 23, 1931, notifying him that plaintiff desired to secure other counsel to handle her case; that, on receipt of this letter, he wrote Bloom & Bloom and told them that he had learned of the case being dismissed.

Even if the record contained no further evidence, we think the contents of the affidavits of plaintiff and Wm. E. Miller are insufficient to excuse the failure of plaintiff and her attorneys to give

the case the attention which it should have been given prior to its dismissal, or to warrant its reinstatement. When to the matters set forth in the affidavit there are added other facts shown by the record, it seems apparent that plaintiff's case was not prosecuted with proper diligence, and that the lower court was not guilty of an abuse of its discretion in refusing to set aside the dismissal and reinstate it.

Appellant, however, while conceding that there was negligence on the part of the attorney, contends that, under the facts of this case, such negligence cannot be attributed to the plaintiff, and that, so far as the plaintiff is concerned, the dismissal was the result of unavoidable casualty and misfortune. The affidavit of the plaintiff herself shows that she had knowledge that the action had been commenced on the 6th day of August, 1930, but it fails to show that anything whatever was done by her until November 23, 1931, when she claims she became alarmed and requested Bloom & Bloom, the attorneys at Washington, Pa., to secure other local counsel in Des Moines. Plaintiff's affidavit thus fails to show any act or effort on her part to see that her case was prosecuted or any action taken in regard to the same for more than fifteen months after it had been instituted. The affidavit of Wm. E. Miller shows that, although he wrote to plaintiff's attorneys on November 5, 1930, telling them of a conversation with defendant's attorney in which he was informed that there would be no settlement, and again wrote them on December 3, 1930, sending them a copy of defendant's answer, nothing was done by either plaintiff or her attorneys in Pennsylvania, and no instructions or data of any kind were sent to Miller. If the plaintiff had kept in touch with her attorneys at her place of residence, she would have been informed as to what was taking place in connection with her case. While her affidavit speaks of her being alarmed at the delay, this alarm does not seem to have occurred until just prior to the letter written by the Pennsylvania attorneys on November 23, 1931, more than fifteen months after the action had been started. Her affidavit fails to show that she ever communicated with her Pennsylvania attorneys in reference to this action from the time it was instituted until about the time she asked them to secure other local counsel in Des Moines, and fails to show any direct claim of negligence on their part.

Although the plaintiff requested her Pennsylvania attorneys to engage local counsel in Des Moines, she does not show that she authorized them, or that she herself made any arrangement for

compensation for such local counsel; she does not show that she at any time consulted with her Pennsylvania attorneys as to what had been done after the case had been started; she not only fails to show that any act was done by her from the filing of the suit on August 6, 1930, until November 23, 1931, when the letter was written by her Pennsylvania counsel to Mr. Miller, but, after she had been informed by Mr. Miller's letter of November 25, 1931, that the cause had been dismissed on the 25th day of June, 1931, no action of any kind appears to have been taken by her until the motion for the reinstatement of the case was filed on May 10, 1932. Even after the motion for reinstatement had been filed, no action was taken thereon until several months later, and it was not until the 22d day of December, 1932, that final ruling was made thereon.

In Hedrick v. Smith & Reed, 137 Iowa 625, 115 N. W. 226, we said:

"It may be difficult to fully reconcile the various opinions of this court relating to the question whether negligence of an attorney in failing to interpose a defense in an action is on the one hand imputable to the client so as to bar the client from equitable relief from a judgment rendered on failure to make such defense, or, on the other hand, such casualty and misfortune happening without the client's fault as to furnish ground for such relief. But an examination of the cases will show that we have held it to be necessary, in order to justify relief on account of the failure of the attorney to make defense, that a plain breach of duty or something in the nature of unavoidable calamity must be made to appear. The mere failure of the attorney to do that which he was under no obligation to do, or his lack of good judgment as to the steps which should be taken in his client's behalf, has never been held sufficient. For illustrations see: McCormick v. McCormick, 109 Iowa 700, 81 N. W. 172; Church v. Lacy, 102 Iowa 235, 71 N. W. 338; Ennis v. Building Association, 102 Iowa 520, 71 N. W. 426; Peterson v. Koch, 110 Iowa 19, 81 N. W. 160, 80 Am. St. Rep. 261; Jackson v. Gould, 96 Iowa 488, 65 N. W. 406; Grove v. Bush, 86 Iowa 94, 53 N. W. 88; Sioux City Vinegar Mfg. Co. v. Boddy, 108 Iowa 538, 79 N. W. 350; Teabout v. Roper, 62 Iowa 603, 17 N. W. 906; Jones v. Leech, 46 Iowa 186. Even if the attorney referred to was generally employed to look after plaintiff's business, nevertheless it was plainly her duty to advise him of the service of the notices upon

her in order that he might make defense, and, having failed to take this reasonable precaution to see that defense should be made for her, she was so far guilty of negligence as to be barred from now claiming that the judgment was the result of unavoidable casualty or misfortune."

We think the record fails to show that the dismissal of plaintiff's action was the result of unavoidable casualty, misfortune, mistake, or misunderstanding, and that it fails to show any reasonable excuse on the part of plaintiff and her attorneys for the lack of attention to the case, which caused the dismissal.

II. Argument is also made by the appellant that the notice published in the Des Moines Daily Record contained only the docket number of the case and not the title, and that this was insufficient notice upon which to base a dismissal. Appellant cites no cases in support of this contention. The rule of court in regard to the notice required only that the docket number be given, and, in the absence of any authority to the contrary, we see no reason why this should not be sufficient.

In the case of Des Moines Union Railway Co. v. District Court, 170 Iowa 568, 153 N. W. 217, there was involved a case which had been dismissed under a rule of the Polk county, Iowa, district court, which provided for the dismissal of all cases remaining upon the calendar for more than three terms without trial notice. This rule, if not the same, was at least very similar to that involved in the instant case. In that case the sufficiency of the notice of the proposed dismissal was raised, and it was alleged that ten days' notice had not been given as required by the rule. We there said:

"In any event, even if ten clear days were required, the record would not present a case of no notice, and the defect complained of would not be jurisdictional. The right and authority to dismiss an action for want of prosecution does not depend upon any rule of court. Loose v. Cooper, 141 Iowa 377, 118 N. W. 406. The judgment of dismissal was not void, and it operated as a final disposition of that action, until vacated upon due notice to the defendant."

We think the notice given in this case was sufficient, and that the court had legal authority to dismiss the case.

III. The contention is also made by plaintiff that, in refusing to reinstate this case, the lower court abused its discretion. It is

398

unnecessary to quote authorities to the effect that a trial court has a large discretion in setting aside judgments upon applications properly made. Where a clear abuse of such discretion is apparent, this court will not hesitate to grant relief to the party claiming relief from the trial court's action. What we have already said in a preceding division of this opinion is sufficient to indicate that there was negligence on the part of appellant that justified the court in refusing to set aside the dismissal and reinstate the case, and we see no ground whatever for holding that the court abused its discretion in so doing.

In view of the decision reached, it is unnecessary to discuss other errors which were assigned and argued. The order of the trial court overruling appellant's motion to set aside the dismissal and reinstate the case is hereby affirmed.—Affirmed.

Albert, C. J., and Evans, Kindig, and Claussen, JJ., concur.