CLARENCE D. HOOVLER and EDITH HOOVLER, appellees, v. AUSTIN WOLFE, BEULAH WOLFE, W. C. HORN and KATHRYNE HORN, appellants.

No. 48564.

(Reported in 66 N.W.2d 486)

OCTOBER 19, 1954.

J. A. Williams, of Council Bluffs, for appellant, W. C. Horn.

Peterson, Smith, Peterson, Beckman & Willson, of Council Bluffs, for defendants Austin and Beulah Wolfe.

Don H. Jackson, of Council Bluffs, for appellees.

WENNERSTRUM, J.—Plaintiffs' action for damages is based upon the claim that certain representations and warranties were made to them by W. C. Horn, one of the defendants, in connection with the purchase by plaintiffs of a residence property. A jury was waived and trial was had to the court. A judgment was rendered against W. C. Horn. He filed a motion for new trial and later an amendment thereto. The only matters pertinent to this appeal are set forth in the amendment. The motion for new trial was overruled and defendant W. C. Horn has appealed.

In his amendment to motion for new trial Horn stated that it was impossible to obtain a transcript of the evidence of the trial for use in connection with his motion, or if the ruling

thereon was adverse to him, on appeal. It was alleged that the court reporter who had reported the case had informed defendant a transcript of the trial could not be furnished. Defendant asserted this situation was not due to any fault on his part and therefore sought a new trial.

The trial court overruled defendant's motion for new trial and in his ruling stated in substance: that ruling on the motion had been delayed in order to ascertain whether a transcript of part of the evidence might be obtained, that a portion of the transcript had been furnished, and that the court had ascertained that due to the reporter's health a full transcript of the evidence presented at the trial could not be obtained. The trial court suggested that in connection with his overruling of the motion for new trial if an appeal is taken and it is later discovered by the respective counsel that they could not agree as to the record, upon proper application, the defendant might seek to have the evidence retaken for the purpose of the appeal.

Subsequently there was a stipulation and agreement signed by counsel for the plaintiffs and counsel for W. C. Horn, the appealing defendant. It is set out as a claimed record in this court although it consists only of an agreed statement of certain facts. The trial court refused to sign the certificate relative to this type of a record stating that it was not such a record as is contemplated by statute, that the defendant Horn had made no effort to comply with the court's prior suggestion relative to the retaking of the evidence, and that there were other parties to the litigation who had not agreed to the record.

Thereafter the defendant Horn filed an affidavit as well as an affidavit of his counsel wherein further statements are set out relative to the inability to obtain a transcript of the evidence. In what is denominated as the record in this case these affidavits are set forth in support of what defendant refers to as his Bill of Exceptions. It should be noted that the purported record does not disclose that a Bill of Exceptions was filed. It should be apparent that the claimed record is very much involved and the effort of the counsel for the defendant to set forth a record as a basis for grounds for reversal of the trial court's ruling has not been presented with clarity and in a manner to be helpful to this court.

Despite the involved nature of the purported record it is apparent the only issue presented to this court for consideration and determination is whether the trial court committed error in refusing to grant a new trial based upon the defendant's amendment to his motion wherein he set forth the fact of his inability to obtain a transcript of the evidence.

I. A new trial will be granted on motion only on grounds set forth in the Rules of Civil Procedure, rule 244. We cannot find that the ground claimed for a new trial by the defendant is included in the rule noted. The trial court has a wide discretion in ruling on and in granting a new trial. Whiting v. Cochran, 241 Iowa 590, 592, 41 N.W.2d 666; Sparks v. Long, 234 Iowa 21, 23, 11 N.W.2d 716. It is only where it appears there has been an abuse of discretion in ruling on a motion for a new trial that this court is justified in interfering. Curnutt v. Wolf, 244 Iowa 683, 689, 57 N.W.2d 915. We do not find there has been such an abuse of discretion shown in this case.

II. Rule 252, R. C. P., sets forth the grounds on which a judgment may be vacated or modified or new trial granted on petition filed within one year. Among these grounds the only one which would be here applicable is: "(e) Unavoidable casualty or misfortune preventing the party from prosecuting or defending." This rule was incorporated in prior statutory enactments and has been interpreted by this court in situations somewhat similar to the one involved in this present appeal. In the case of Loomis v. McKenzie, 48 Iowa 416, 419, it is disclosed that after an appeal had been taken in an equitable action it was discovered all the written evidence had been lost without any fault on the part of the plaintiff. He thereafter dismissed his appeal and petitioned for a new trial. It was therein held: "It cannot be said a party is prevented from prosecuting or defending a case by a matter occurring after judgment."

In Dumbarton Realty Co. v. Erickson, 143 Iowa 677, 681, 120 N.W. 1025, 1027, 136 Am. St. Rep. 778, 21 Ann. Cas. 258, it is therein shown that after the submission of the evidence to the court it took its decision under advisement and nearly a year later entered a decree in favor of the plaintiff. It is also shown before the decree was entered the court reporter who

had reported the case became ill and for approximately three months he was unable to transcribe his notes. He died within a short time thereafter. A petition for a new trial was filed. No appeal had been taken from the original decree. This court in commenting upon the question whether this constituted an "Unavoidable casualty or misfortune preventing the party from prosecuting or defending" stated: "A careful reading of this clause makes it very clear that this language has exclusive reference to matters occurring before the entry of the judgment sought to be vacated. Indeed its most obvious, though perhaps not its only, application is to cases where by some casualty or misfortune a defendant has been made to suffer default, or a plaintiff has been held in default for want of prosecution of his action. It is not every casualty or misfortune which justifies such relief, but only such as 'prevents the party from prosecuting or defending.' No such claim is presented in the case before us. All the parties were in court upon the original hearing, the plaintiff prosecuting, and the defendants contesting and defending, each step in the proceedings. The issues were submitted only after a full and complete trial, in which all parties had full opportunity to introduce every item of testimony which they believed to have any bearing upon the controversy. Surely it cannot be said that the death of Mr. Cody [the reporter], occurring more than a year after the cause was tried and submitted, and three months after the entry of the decree, was a casualty preventing these appellees from making their defense."

■ See also Bingman v. Clark, 178 Iowa 1129, 1135, 1136, 159 N.W. 172, and cases cited; McKinley v. McKinley, 123 Iowa 574, 576, 99 N.W. 162. In Merritt v. Ludwig-Wiese, 212 Iowa 71, 72, 73, 235 N.W. 292, we also held this court would not reverse or order a new trial because of loss of evidence which was before the trial court. It was also held in the cited case, an action in equity, there is a presumption the decree of the trial court is correct, citing Lowery v. Lowery, 140 Iowa 498, 118 N.W. 749. This presumption would be equally true of a trial court's decision where a law action is tried to the court, although this court is not bound to follow it if the facts do not justify such action.

III. The trial court in ruling on a motion in a new trial made a suggestion relative to the obtaining of a new record to which we have made reference. There is nothing in the submitted record to indicate that the defendant W. C. Horn made any application for the retaking of the evidence or sought in any way to obtain an agreement from the other parties relative to what the record is. We do not here comment on whether such procedure could be followed but at least the appealing defendant made no effort to comply with the suggestion made by the trial court. As previously noted, the defendant seems to claim the affidavits filed are a Bill of Exceptions. Our rule relative to the filing of such a paper is set forth in rule 241, R. C. P. It is quite apparent that the suggested procedure relative to the filing of a Bill of Exceptions has not been followed.

Upon the record as submitted and the authorities previously set out we find no basis for reversal and the trial court is affirmed.—Affirmed.

All JUSTICES concur.