AMOS JACOBSON, appellee, v. P. I. LEAP, ILLINOIS MOTOR FREIGHT, INC., and HARRIS TRUCK LINE, appellants.

No. 49380.

(Reported in 88 N.W.2d 919)

MARCH 11, 1958.

REHEARING DENIED MAY 9, 1958.

Livingston & Day and Everett Meeker, all of Washington, for appellants.

Rider, Bastian & Beisser, of Fort Dodge, and A. E. Baldrige, of Washington, for appellee.

HAYS, J.—In an action wherein plaintiff asked damages from defendants due to a collision between two motor vehicles, a default judgment was entered against each defendant in July 1956. Defendant Leap, a resident of Iowa, was served with notice as authorized by rule 56(a), Rules of Civil Procedure. The other defendants, both foreign corporations, were served with notice as provided by section 321.501, Code of 1954.

In March 1957 defendant Leap filed, under rules 252 and 253, a petition, in two divisions, to vacate the judgment and for a retrial. Answer to plaintiff's petition was attached thereto together with an affidavit. In January 1957 the corporate defendants moved for a retrial under rule 251. Answers were attached. No ruling thereon appears in the record. In April 1957 the corporate defendants filed petitions to vacate the judgments, alleging lack of jurisdiction in the trial court. These petitions appear

to have been filed under rules 252 and 253. Motions to dismiss the three petitions to vacate were, after a hearing, sustained and each defendant appeals.

I.  As to the corporate defendants, Illinois Motor Freight, Inc., and Harris Truck Line, the factual situations giving rise to the legal propositions here involved are identical and we will consider them as one. The legal proposition is that the notice served in the original action was fatally defective and the judgment entered is void for lack of jurisdiction.

█  While rules 252 and 253 are not applicable where the judgment is void, Gaar, Scott & Co. v. Taylor, 128 Iowa 636, 105 N.W. 125; Martin Bros. Box Co. v. Fritz, 228 Iowa 482, 292 N.W. 143; Kirby v. Holman, 238 Iowa 355, 25 N.W.2d 664, petitions filed thereunder, based upon a jurisdictional question, may be considered as motions, in the absence of objections to the procedure adopted. Hunter v. Porter, 124 Iowa 351, 100 N.W. 53; Williamson v. Williamson, 179 Iowa 489, 161 N.W. 482; Miller v. Miller, 242 Iowa 706, 46 N.W.2d 732. Apparently all parties and the trial court considered them as motions and we shall do likewise.

II.  The factual situation concerns the original notice that was served and is not in dispute. The notice was as follows:

"*In the, District Court of Washington County, Iowa*

"To the above named defendants [naming them]:

"* * * *there is now on file in* the office of the Clerk of the District Court of *Webster County,* Iowa, the Petition * * * asking judgment in the sum of $4844.83 * * *.

"Said Petition alleges that on or about April 2, 1955, a motor vehicle owned by P. I. Leap, leased to Illinois Motor Freight, Inc. and Harris Truck Line was being operated by Don Reeves and was so carelessly and negligently operated as to bring it into collision with a vehicle owned by * * * plaintiff * * *.

"* * * For further particulars see Petition * * *.

"And unless you *appear* * * * *in the District Court* * * * *for Washington County, at the Courthouse in Washington, Iowa,* * * * your default will be entered." (Italics added.)

It is appellants' contention that the notice in stating the petition is now on file in Webster County when in fact the case was pending in Washington County is fatally defective and confers no jurisdiction.

III. Little assistance upon this question is found in appellee's brief and argument. It is his position that, conceding the notice to be fatally defective, the appellants, by attaching answers to their motion and petitions, have in effect appeared generally and thereby have conferred jurisdiction. Such a position is untenable. A void judgment is not validated by anything filed thereafter in an attempt to vacate it. Beck v. Vaughn, 134 Iowa 311, 111 N.W. 994; Korsrud v. Korsrud, 242 Iowa 178, 45 N.W.2d 848.

IV. It must be conceded that the above notice fails to comply with rule 50 and is defective. Is it fatally defective? We hold not.

Rule 50, entitled "Contents of original notice", supersedes section 11055, Code of 1939, but is virtually a rewrite thereof. An original notice is the formal writing, issued by authority of law, for the purpose of bringing defendants into court to answer plaintiff's demands in a civil action. The requisites thereof are largely statutory, rule 50 in this state. Where a defendant has failed to respond to an original notice the jurisdiction of the court over his person must be based upon a compliance of that notice with our rule governing the same.

Under our earlier decisions a strict, in fact a literal, compliance with the statute was required. A departure therefrom was fatal. By more recent decisions we have adopted a rule of liberal construction to avoid defeating action because of technical and formal defects which could not reasonably have misled defendant. Rhodes v. Oxley, 212 Iowa 1018, 235 N.W. 919; Krueger v. Lynch, 242 Iowa 772, 48 N.W.2d 266. See also Tharp v. Tharp, 228 Minn. 23, 36 N.W.2d 1.

Rule 50, so far as material here, provides: "it shall state * * * that the petition is on file in the office of the clerk of the court where the action is brought * * *. It shall notify defendant to appear before said court * * *." Had the instant notice, after stating that the petition was on file in Webster

County, merely required appearance in said county, the situation would be somewhat similar to that found in Rhodes v. Oxley, supra, and we could readily go along with appellants' contention that the notice was fatally defective. However, such is not the case. An examination of the notice herein set forth shows that after stating the petition was on file in Webster County it so clearly and concisely spells out just what defend· ant must do, as to leave no reasonable basis for inference, conjecture or doubt and clearly brands the words "Webster County" as a mistake. It distinctly says defendant must appear in the District Court of Washington County at the courthouse in Washington, Iowa. To hold this notice fatally defective would be to allow an ultratechnical defect, a defect that in no way misleads defendant or deprives him of a substantial right, to defeat the ends of justice and circumvent a basic reason for our Rules of Civil Procedure, i.e., a speedy determination of litigation.

V. The other proposition presented which we feel warrants comment pertains to the sufficiency of Division II of appellant Leap's petition, as the basis for a new trial. We are conceding to him a sufficient excuse for not acting under rule 236.

Appellant in effect seeks to come under rule 252(e) by showing such unavoidable casualty or misfortune as to have prevented him from defending. By an affidavit attached thereto, such casualty or misfortune is based upon the following facts: He owns the motor vehicle involved in the collision. At the time in question it was leased to Harris Truck Line which, by the lease, agreed to be responsible for any damage to third persons due to operation of the truck. After being served with notice in the original action, he notified the attorney and business manager of Harris Truck Line in Chicago, Illinois, and asked him to arrange to make a defense thereto. Upon being advised that arrangements would be made, he gave it no further attention until he learned of the default and judgment.

Proceedings under rules 252 and 253 are ordinary actions triable to the court and are at law. Shaw v. Addison, 236 Iowa 720, 18 N.W.2d 796, and the court in granting or denying a new trial thereunder exercises a judicial discretion which will be disturbed upon appeal only upon a clear showing of an abuse

thereof. Hueston v. Preferred Accident Ins. Co., 161 Iowa 521, 143 N.W. 566; Kirby v. Holman, 238 Iowa 355, 25 N.W.2d 664; Hoovler v. Wolfe, 245 Iowa 1302, 66 N.W.2d 486. While no findings of fact by the court appear in the record, the dismissal of the petition warrants but one conclusion which is that such casualty or misfortune has not been established.

Appellant bases his right to a retrial entirely upon his contractual relationship with Harris Truck Line. The terms and conditions of this relationship do not appear. Was it the Truck Line's *duty* to defend? Was it to be responsible only under certain conditions? It is clear that no attorney-client relationship ever existed and that at best the attorney and business manager was merely appellant's agent to arrange a defense. Under the instant facts negligence in failing to arrange a defense is to be imputed to the principal. 49 C. J. S., Judgments, section 334(b); Brainard v. Coeur d'Alene Antimony Mining Co., 35 Idaho 742, 208 P. 855; Hedrick v. Smith & Reed, 137 Iowa 625, 115 N.W. 226; Scott v. Union Mutual Cas. Co., 217 Iowa 390, 252 N.W. 85; Chmielewski v. Marich, 2 Ill.2d 568, 119 N.E.2d 247, 42 A. L. R.2d 1023; Annotation, 16 A. L. R.2d 1147.

Rule 253 requires that a petition filed thereunder shall allege a meritorious defense which shall be supported by affidavit as provided by rule 80(b).

Attached to Division II of appellant Leap's petition is an answer which is merely a general denial. In the affidavit, above referred to, he alleges that based upon his conversation with the drivers involved in the collision and an investigation made by him it is his conclusion that the sole proximate cause of the collision was the negligence of the driver of plaintiff's car.

Under the entire record we do not find such a clear showing of casualty or misfortune preventing a defense and of a meritorious defense in the original action as would warrant a holding of an abuse of discretion by the trial court.

Finding no error the judgment of the trial court is affirmed.—Affirmed.

PETERSON, C. J., and WENNERSTRUM, HAYS, THOMPSON, and LARSON, JJ., concur.

OLIVER, BLISS and GARFIELD, JJ., dissent.

SMITH, J., not sitting.

OLIVER, J. (dissenting)—I respectfully dissent from Division IV of the majority opinion which holds the original notices served upon Illinois Motor Freight, Inc., and Harris Truck Line were not fatally defective.

I agree with the majority that we have adopted a rule of liberal construction in sustaining the jurisdiction of the court in such cases but I do not agree this is a departure from the rule of our earlier decisions. Neither of the two Iowa decisions cited by the majority supports that conclusion. One of them, Krueger v. Lynch, 242 Iowa 772, 48 N.W.2d 266, cites with apparent approval a number of earlier Iowa decisions. The Krueger case is readily distinguishable from the case at bar. The principal basis of that opinion is the provision of R. C. P. 53 that where an original notice is served at such time as the Krueger notice was served the defendant should have thirty days to appear. That provision of R. C. P. 53 was believed to be controlling and a printed note on the notice itself indicated as much.

The other-Iowa case, Rhodes v. Oxley, 212 Iowa 1018, 1020, 235 N.W. 919, 920, is contrary to the majority opinion. It ordered the judgment set aside, stating one of the requisites of an original notice to be:

"(2) that the court in which the petition is or will be filed shall be *named*."

In that case the original notice stated that, on or before August 31, 1949, " '*there*——filed in the office of the Clerk of the District Court of the State of Iowa, within and for *the Story of Marshall*, the petition of J. V. Rhodes, etc.' "

The decision states, also:

"The petition was actually filed in the district court for Story County. There is no direct statement in the original notice so advising the defendant. * * * It [the notice] did notify the defendant to appear at Nevada, Iowa. This part of the notice carried an inference that the district court of Story County was the place of appearance. In such a case the defendant might naturally guess, and perhaps fully believe, that it was the jurisdiction of that court that was being asserted upon him. The question is how far may [departure from] the specific requirements

of the statute be condoned and the burden put upon the defendant to exercise his powers of deduction. Suppose for instance that this plaintiff had made one further mistake, if such, and had actually filed his petition in the district court of Marshall County. Might not the plaintiff with equal plausibility contend that the notice contained sufficient reference to Marshall County to put the defendant upon his inquiry and thereby to discover the filing place of the petition? In short the notice might be deemed sufficient to advise the defendant that the asserted jurisdiction was either in Story County or in Marshall County and yet fail to advise him with certainty which one. Notwithstanding our liberality of construction in support of the jurisdiction of the court, there must be a limit to the privilege of error. The specific requisites of the statute are not to be wholly ignored. The statute provides for a certain degree of formality as requisite to confer jurisdiction."

The foregoing reasoning and language is applicable also to the notice given the two nonresident defendants in the case at bar. Here, as there, the question is how far may departure from the specific requirements of the statute (and R. C. P. 50) be condoned and the burden put upon a defendant to exercise its powers of deduction. Suppose, for instance, that this plaintiff had made one further mistake, if such, and had actually filed his petition in the district court of Webster County. Might not the plaintiff with equal plausibility contend that the notice contained sufficient reference to Webster County to put defendants upon inquiry and thereby discover the filing place of his petition? In short the notice might be deemed sufficient to advise defendants that the asserted jurisdiction was either in Webster County or Washington County and yet fail to advise them which one. Notwithstanding our liberality of construction in support of the jurisdiction of the court, there must be a limit to the privilege of error. The specific requisites of the statute and rules are not to be wholly ignored.

In Eggleston v. Wattawa, 117 Iowa 676, 678, 91 N.W. 1044, the summons required defendant to answer a complaint which it stated would be filed in the office of the clerk of the district court of Brule County, South Dakota. The statute required that the summons state where the complaint is or will be filed.

"The summons in question did not state that essential fact, for no complaint was ever filed in the 'district court.' There was in fact no such court then in existence * * *. This change of courts is pleaded in the case by plaintiff as an excuse for the mistaken description, but the fact remains that defendant was not notified that the complaint would be filed in the circuit court, in which the judgment was rendered, but was advised that it would be filed in another court, which in fact did not exist. Under such circumstances we think defendant was justified in assuming that no valid judgment could be rendered against him. The circuit court acquired no jurisdiction, and the judgment on which this action is based was therefore void."

The text in 72 C. J. S., Process, section 13, states: "The process should designate the court in which the action is brought and in which defendant should appear. * * * There should be due compliance with statutory provisions requiring the process to state the place of the filing of the petition or complaint * * *."

Applying the language of Eggleston v. Wattawa, supra, to the case at bar, the fact remains defendants were not notified that the petition would be filed in the district court of Washington County in which the judgment was rendered, but were advised it would be filed in another court. Under such circumstances a defendant would be justified in assuming that no valid judgment could be rendered against him.

The majority opinion states: "Had the instant notice, after stating that the petition was on file in Webster County, merely required appearance in said county, the situation would be somewhat similar to that found in Rhodes v. Oxley, supra, and we could readily go along with appellants' contention that the notice was fatally defective."

This statement overlooks the facts in the Rhodes case. That original notice did not require defendant to appear in the county where it stated the petition would be filed. It stated the petition would be filed in "the Story of Marshall", which the decision assumes was Marshall County. It required defendant to appear at said court to be held in Nevada, Iowa, which was in Story County. The two cases may not be differentiated upon the basis stated in the majority opinion.

At the end of Division IV the majority opinion states any other holding would circumvent a basic reason for our Rules of Civil Procedure, i.e., a speedy determination of litigation. This statement from section 684.18, Code of Iowa, 1954, omits the words, "upon its merits", which follow the word litigation. This case has not been determined on its merits. All the nonresident defendants ask is that the default judgment be set aside so there may be a determination "upon its merits."

Although not essential to this dissent it may be well to state I do not agree with the holding in Division V that the answer of defendant Leap did not state a meritorious defense. I think his general denial supported by the affidavit was sufficient in this case.

The majority opinion cites no authority in support of its holding that the original notices in question were impervious to the direct attack made upon them. No such decision of this court has come to my attention. I would follow our decisions holding to the contrary.

BLISS and GARFIELD, JJ., join in this dissent.