VERDIE V. NICKERSON, Appellee, v. IOWA STATE TRAVELING MEN'S ASSOCIATION, Appellant.

No. 44713.

APRIL 4, 1939.

Earl C. Mills and Volney Diltz, for appellant.

Harris Coggeshall and A. C. Popham, for appellee.

HALE, J.—This is an appeal from an order of the district court of Polk county reinstating an action brought by the plaintiff against the defendant, in which the original petition was filed September 22, 1936. The action was upon a membership policy in the defendant corporation and after a motion for cost bond, which was sustained and bond filed, the defendant, on December 17, 1936, answered the petition and the case was at issue.

The order dismissing the case for lack of attention on July 6, 1937, which was a general order including this and a large number of other cases, was as follows:

"In harmony with the provisions of the Rules of Practice of this District Court and with the notice heretofore published in the Des Moines Daily Record beginning June 16, 1937, and continuing for more than 10 days, it is hereby ordered that, at the costs of the respective plaintiffs, the above-numbered law cases are dismissed for the reason that they have been docketed for three consecutive terms without having been assigned, continued or noticed for trial."

The petition to vacate the order of dismissal and to reinstate, filed December 23, 1937, sets out among other things: the issuance of the policy referred to, payable in the event that the insured received through external, violent, and accidental means, bodily injuries which independently and exclusively of all other causes resulted in his death; that the plaintiff was the beneficiary; and that the insured died August 31, 1935, as the result of such injuries. The petition further recites the bringing of the suit as shown above by plaintiff's attorneys, Cowgill & Popham, of Kansas City, Missouri, and Harold S. Thomas, of Des Moines; the filing of the answer by the defendant, which answer, after a general denial, admitted various allegations of the petition including the furnishing of proofs of death, but set up a bylaw of the company that the association would not be liable for death or injuries effected or aggravated by any diseased, impaired, or abnormal condition of mind or body; and also that while the insured was an inmate of a state hospital at St. Joseph, Missouri, he was afflicted with the general paralysis of

the insane, diabetes, and other ailments, which were the cause of his death or contributed materially thereto.

The petition for reinstatement further says that the cause became at issue on December 17, 1936, but that plaintiff, on account of conditions and circumstances, failed to file a trial notice or other pleadings, and on July 6, 1937, the order was issued as heretofore referred to. The petition further states that the contract period of limitation has expired with respect to plaintiff's cause of action, and unless such cause is reinstated for trial plaintiff will have no remedy against the defendant. Plaintiff alleges and sets out at considerable length the causes which prevented the prosecution of the action, alleging that Cowgill & Popham, after the death of the insured, were employed to complete proofs and negotiate with the defendant company and, on its refusal, to institute suit; that such firm of attorneys made arrangements with attorney Thomas of Des Moines and filed the original petition in the case; that in February 1937, Thomas asked to be relieved as local counsel, and correspondence ensued, and on June 30, 1937, arrangements were made with attorney H. M. Coggeshall of Des Moines to act as counsel in place of Mr. Thomas. Coggeshall inspected the records of the district court and discovered that after April 1, 1937, the records showed an amended and substituted answer, which was afterwards found to be the result of an error in the clerk's office, which had noted as filed in this cause an answer belonging to another action. Coggeshall, on the next day, advised the Kansas City attorneys that the mistake in the court records had been corrected, and discussed the matter of taking depositions. At the time Coggeshall entered the case he did not know of the order for notice of dismissal, but discovered the erroneous docket entry showing the amended and substituted answer. The petition further alleges efforts of the Kansas City attorneys to locate and interview eyewitnesses of the fall which was the ground of the action, and arrangements with a law firm in St. Joseph, but that the attendants at the institution were mostly young men and transients, and it required a great deal of effort and various trips to St. Joseph, from January to December 1937, to locate and interview witnesses, the locations of two of whom were not discovered until November or December 1937. The petition sets out further the various discussions and correspondence between the attorneys; the illness of the

plaintiff, from which at the time of the filing of the petition she had only partially recovered, the petition alleging, however, that she gave to her attorney every help that she was physically able to give, but that efforts to locate witnesses and arrange for depositions were greatly delayed by plaintiff's physical disabilities. Exhibits tending to show these facts by way of affidavit were attached to the petition, including the affidavit of the plaintiff herself.

To this petition to vacate and reinstate resistance was filed by the defendant on the ground that the allegations of the petition failed to state anything more than could, if presented before the dismissal of the case, have been urged to secure a continuance; that the judgment of dismissal was a final judgment which was not appealed from, and that such judgment was made under the rules of the district court that failure for three consecutive terms of court to assign, continue, or notice for trial a docketed case would be grounds to dismiss, and setting out the rule of the court above referred to; and alleging that there was no showing of unavoidable misfortune preventing plaintiff from prosecuting the cause as is contemplated by section 12787 of the Code of 1935. While a petition to reinstate, under Code section 12795, is taken as denied without answer, the defendants did file the resistance above set out, but made no written general denial of the allegations of the petition to reinstate.

Under the issues thus made by the petition to reinstate and the resistance filed thereto evidence was taken supporting in substance the allegations of plaintiff's petition that the Kansas City counsel did not know of the action of the court in dismissing the case, and also the evidence as to the erroneous entry on the docket in the clerk's office.

Mr. Coggeshall also testified that he had no knowledge of the dismissal made of record on July 7, 1937.

The order of Judge Jordan reads, in part, as follows:

"The Court * * * finds that the plaintiff was prevented by unavoidable casualty or misfortune from prosecuting this case and that under the provisions of Chapter 552, Code of Iowa, 1935, the dismissal hereinbefore entered against plaintiff should be vacated and that this cause should be restored and reinstated upon the calendar of pending cases."

The order then directs that the dismissal be vacated and that the cause be restored and reinstated. From this order of the district court the defendant appeals.

Defendant at the outset concedes that the district court has much discretion as to what constitutes unavoidable misfortune preventing the prosecution of a cause, and that only an abuse of such discretion will warrant a reversal by this court; that this court is more reluctant to interfere with the finding of a lower court when it has set aside a judgment and ordered a trial on the merits than it is when the lower court has denied such relief; and that in instances where the lower court is in better position to apply its judgment in the light of surrounding circumstances, its judgment will generally be accepted by this court. The defendant moreover concedes that the plaintiff was not personally negligent, but maintains that the judgment of dismissal was wholly and solely due to the individual and collective neglect of plaintiff's attorneys and their failure to pay any attention to the rules of practice, and that such neglect was avoidable. Defendant does not claim that the failure to file trial notice for the September and November terms in 1937 would have any effect on the status of the judgment, but asserts that it shows a general lack of diligence, and urges that the facts are such as to show a flagrant violation of the rules and that an order for reinstatement would be beyond the limits of the discretion of the trial court.

There can be no question about the argument of defendant's counsel that the neglect of the attorney is regarded as the client's own neglect and affords no relief to the client. The question, then, arises in the instant case—and this is the principal, if not the only, question in the case—Was there such neglect on the part of counsel as would render a judgment reinstating the case an abuse of discretion of the district court?

There was only one issue for trial in the original case, and that was whether or not the cause of death was such as to come within the terms of the policy. Other matters were not in dispute. Upon this question of the cause of death would rest the right of the plaintiff to recover.

As set out in the evidence, witnesses upon whom plaintiff must rely had departed from the institution. Without their testimony plaintiff could not go to trial. With all due diligence on the part of plaintiff's counsel, it would require time and

considerable effort to locate and obtain the evidence necessary. This, of course, might have been ground for continuance. There was also to be considered by the trial court the question of change of counsel. As shown by the record the order for dismissal for failure to prosecute or for lack of attention was made only once a year, and not at every term of court, under the rules of the Polk county district court. The retirement of Mr. Thomas from the case and the employment of Mr. Coggeshall came at an unfortunate time. The error in the records of the district court also, we think, was entitled to some weight. Its effect on new counsel coming in just at the time he did might be such as to tend to mislead him as to the state of the case, and would be some excuse, at least, for failure to check back on the order for notice as to dismissal, which under the circumstances he might have thought he had no cause to investigate.

It is conceded and the record shows that there was no neglect or lack of attention on the part of plaintiff herself, which distinguishes the facts in the present case from the case of Scott v. Union Mut. Cas. Co., 217 Iowa 390, 397, 252 N. W. 85, 88, which case is relied upon by the defendant as authority for reversal in the instant case. But the holding in the Scott case was based not only upon negligence of counsel, but upon the negligence of plaintiff herself, who failed to show any act or effort on her part to see that her case was prosecuted, or any action taken in regard to same, for more than fifteen months after it had been instituted, and the affirmance of the order of the lower court in that case dismissing the motion to reinstate was made on the ground of negligence of the plaintiff as well as of her counsel.

We do not feel that we should interfere with the order of the court in finding such circumstances as would authorize a reinstatement of the case, taking into consideration all the facts and difficulties in the procurement of testimony, the change in counsel at the very time of the order, the state of the record when examined by the new counsel, and considering also that a dismissal at that time, under the special limitation of the policy, prevented any trial whatsoever upon the merits of the case.

■ II. Counsel for defendant call our attention to a decision of this court, Thoreson v. Central States Electric Co., 225 Iowa 1406, 283 N. W. 253, rendered January 10, 1939,

where, in an opinion by Stiger, J., we reversed an order of reinstatement. The ruling of this court was made solely on the ground that the plaintiff asking reinstatement has the burden of establishing grounds for vacating judgment and showing that he has a valid cause of action or defense, and the plaintiff in that case had failed so to do. In the Thoreson case this court found that the only evidence offered by plaintiff in the petition for reinstatement referred to the claim of unavoidable casualty or misfortune and that the court nowhere in its order ever made any adjudication that the plaintiff had a valid cause of action, and this failure on the part of plaintiff to make a prima facie showing of a valid cause of action was fatal to the proceedings and the order of the district court was reversed. See Thoreson v. Central States Electric Co., supra, and cases cited therein.

In the instant case, however, the order heretofore set out does make an adjudication and the evidence offered in support of the petition for reinstatement shows a valid cause of action. The allegations of the petition setting out the admissions of the defendant and affirmative allegations as to the cause of death of the insured, as well as the evidence offered on the trial of this cause, state not only the fact of the accidental fall, but the fact that plaintiff had succeeded in locating material witnesses as to the fatal accidental-fall injury. In order to authorize the court to reinstate a case after it has been dismissed under the circumstances of this case it, of course, must be established, in accordance with section 12796 of the Code, that there is a cause of action or defense, and the court in its order recites that under the provisions of chapter 552, Code of Iowa, 1935, the dismissal entered against the plaintiff should be vacated. Section 12796 is a part of chapter 552, and the court found that the requirements of said chapter had been met.

We feel that under all the circumstances and in consideration of the facts shown to the court, as well as the nature of the cause, the court was justified in the exercise of its judicial discretion in setting aside its order previously made and that such order should be affirmed. The cause is, therefore, affirmed. —Affirmed.

MITCHELL, C. J., and STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.