Stacy **BRUBAKER,** Appellant,

v.

The **ESTATE** Of Arthur **DeLONG,** Appellee.

No. 04–0079.

Supreme Court of Iowa.

July 8, 2005.

Gary Papenheim, Parkersburg, for appellant.

Gene Yagla and Henry J. Bevel, III of Yagla, McCoy & Riley, P.L.C., Waterloo, for appellee.

WIGGINS, Justice.

We must decide whether the plaintiff in a personal injury action timely served the defendant with the original notice. Because we agree with the district court that service was untimely, we vacate the decision of the court of appeals and affirm the judgment of the district court as modified.

## I. Background Facts and Proceedings.

On April 11, 2001, while in separate motor vehicles, Stacy Brubaker and Arthur DeLong were involved in an auto accident in Waterloo. DeLong died on August 20, 2002. On December 19, 2002, Brubaker filed a petition against DeLong seeking damages for injuries Brubaker allegedly suffered as a result of the motor vehicle collision between her and DeLong.

On March 27, 2003, the district court filed a notice of hearing to review Brubaker's failure to obtain service within ninety

days of filing the petition. After conducting a hearing, the court entered an order giving Brubaker additional time to serve the defendant. In its order the court stated, "If a return of service is not on file [when the case is reviewed on May 29], this case will be dismissed without prejudice." Brubaker did not obtain service by May 29. On May 29, the court entered a second order giving Brubaker additional time to serve the defendant. In this second order, the court again stated, "If a return of service is not on file [when the case is reviewed on June 30], this case will be dismissed without prejudice." Once again, Brubaker did not obtain service in the time allotted by the order. On July 1, the court entered a third order granting Brubaker additional time to serve the defendant and once more stated, "If a return of service is not on file [when the case is reviewed on July 31], this case will be dismissed without prejudice." By July 31, Brubaker did not obtain service over the defendant. On July 31, the court entered a fourth order granting Brubaker additional time to obtain service. The fourth order also stated, "If a return of service is not on file [when the case is reviewed on September 3], this case will be dismissed without prejudice." Brubaker still did not obtain service by September 3. Instead of dismissing the case, the district court entered a fifth order granting Brubaker additional time to serve the defendant. In the fifth order the court stated, "If a return of service is not on file [when the case is reviewed on September 18], this case will be dismissed without prejudice."

On September 17, David Roth, purporting to act as attorney for the estate of DeLong, signed an acceptance of service on behalf of the estate.[1] Brubaker filed the acceptance the same day. Based on the filing of the acceptance of service, the district court cancelled the no-service review hearing scheduled for September 18.

On October 24, the estate filed a motion under Iowa Rule of Civil Procedure 1.421. In its motion, the estate alleged: (1) the original notice did not comply with rule 1.302(2) because the clerk of court did not sign or seal the original notice; (2) service did not comply with rule 1.302(5) because it was not served within ninety days after filing the petition; and (3) service was not proper because Roth accepted service on September 17, one day before the estate was opened (September 18) and two days before attorney Roth qualified as administrator of the estate (September 19). The motion was not resisted by Brubaker.

A second acceptance of service of the original notice was obtained and filed from Roth on December 4. After Brubaker's original attorney was suspended from the practice of law for unrelated reasons, new counsel filed an appearance on December 10.

The hearing on the estate's unresisted motion took place on December 12. The district court dismissed the case. In its order, the court stated:

Subsequent to the [filing] of the petition plaintiff requested continuances five different times to secure service, the last being on September 4, 2003. The court accepts the [defendant's motion] is factual and that service was obtained prior to the estate being opened and the administrator being appointed. Furthermore, the original notice served at that time failed to comply with rule 1.302(2). Apparently, representations were made to the court that proper service had been

---

1. The unresisted motion by the estate indicates Brubaker contacted Roth to open the estate in order for Brubaker to bring this claim. *See* Iowa Code § 633.227 (2001) (allowing a creditor to petition the probate court to open an estate).

obtained and, therefore, the matter was not dismissed as was contemplated by the court's order of September 4, 2003.

Plaintiff appealed. Our court of appeals reversed the district court decision concluding Brubaker accomplished timely service. We granted further review at the estate's request.

## II. Issue.

This court must determine whether the district court properly dismissed the case because service of process was untimely.

## III. Scope of Review.

■ Rule 1.302(5) requires the court to dismiss an action without prejudice for the untimely service of the original notice. Iowa R. Civ. P. 1.302(5). Therefore, we will consider the estate's motion as a motion to dismiss. Our review of rulings on motions to dismiss is for correction of errors at law. *Rees v. City of Shenandoah,* 682 N.W.2d 77, 78 (Iowa 2004). The court may consider matters outside the pleadings where, as here, certain undisputed facts arose after Brubaker filed her petition, and the issues before the court do not concern the adequacy of the petition to state a claim for relief. *See Carroll v. Martir,* 610 N.W.2d 850, 856 (Iowa 2000).

## IV. Analysis.

Iowa Rule of Civil Procedure 1.302(5) provides:

If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without preju-

dice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P. 1.302(5). The district court entered an order directing an alternate time for Brubaker to serve the defendant on five separate occasions.[2] On the day before the last extension was to expire, Brubaker obtained the first acceptance of service from Roth. The district court cancelled the no-service hearing because Brubaker filed this acceptance of service with the court. Brubaker obtained this acceptance of service one day before the probate court authorized the opening of DeLong's estate and two days before Roth qualified as the administrator.

■ A party must be legally capable of being sued in order to maintain an action. 59 Am.Jur.2d *Parties* § 51, at 460 (2002). Causes of action survive the death of a person. Iowa Code § 611.20 (2001). After the death of a person who may be liable for a tort, the legal representative of the decedent's estate has the legal capacity to be sued. *Id.* § 611.22. "A decedent does not have the capacity to be sued." *Jacobson v. Union Story Trust & Sav. Bank,* 338 N.W.2d 161, 163 (Iowa 1983). To commence an action against an estate without first filing a claim in probate, the person serves an original notice on the personal representative. Iowa Code § 633.415. On September 17, when Brubaker obtained the first acceptance of service, the probate court had not opened DeLong's estate, and Roth had not qualified as administrator. Therefore, at the time of the first acceptance of service, service was invalid.

---

**2.** DeLong's estate did not raise the issue whether the district court had the authority to extend the time for service. Therefore, we will assume that the extensions were proper under rule 1.302(5).

In the alternative, Brubaker argues if the first acceptance of service was defective, the second acceptance cured any defects in the original acceptance. The fallacy with Brubaker's argument is that Brubaker obtained the second acceptance of service after the time given by the court to obtain service on the defendant had expired. Even if we assume the second acceptance cured any defects in the first acceptance of service, there was no order extending the time to serve the defendant after September 18.

We apply a good cause standard to determine whether the delay in service was justified when a party obtains service more than ninety days after filing a petition or beyond the date of a court-ordered extension. *Meier v. Senecaut,* 641 N.W.2d 532, 542 (Iowa 2002). We have said "good cause" or adequate justification for a delay in service requires that

> "[t]he plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action. Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been [viewed] as insufficient to show good cause."

*Henry v. Shober,* 566 N.W.2d 190, 192–93 (Iowa 1997) (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.,* 141 F.R.D. 436, 437 (N.D.W.Va.1992)).

Brubaker's efforts to serve the defendant did not comply with the good cause standard. The district court was exceedingly generous in granting five extensions to Brubaker to obtain service on the defendant. The extensions granted by the district court gave Brubaker nine months from the date of filing the petition to effect service. Brubaker waited until the next to the last day to obtain the first

acceptance from Roth. A simple check of the clerk of court records would have informed Brubaker that Roth was not the administrator of DeLong's estate at the time of the first acceptance. At any time during those nine months, Brubaker could have petitioned the probate court to open an estate for DeLong. *See* Iowa Code § 633.227.

Brubaker offered no reason for this lengthy delay in serving the defendant. This record supports inadvertence, neglect, and half-hearted attempts to obtain service over the defendant. Accordingly, Brubaker failed to serve the original notice in a timely manner as required by rule 1.302(5).

Each order granting Brubaker an extension clearly and unambiguously informed her the court would dismiss her case if she did not obtain service in the allotted time. These orders were consistent with rule 1.302(5) requiring the court to dismiss an action without prejudice for untimely service of the original notice. Iowa R. Civ. P. 1.302(5). Having granted the estate's motion, the district court enforced its order by dismissing Brubaker's case. *See Metz v. Amoco Oil Co.,* 581 N.W.2d 597, 599 (Iowa 1998) (affirming dismissal of an action due to plaintiffs' failure to comply with a court order establishing deadline for retaining new counsel).

In its dismissal order, the district court failed to note whether the dismissal was without prejudice. All involuntary dismissals, except those for want of jurisdiction or improper venue, are dismissals on the merits unless they specify otherwise. Iowa R. Civ. P. 1.946. Each court order extending the time for service stated any dismissal for failure to make service in the time provided by its order would cause the district court to dismiss the case without prejudice. These warnings were con-

sistent with our rule stating a dismissal for untimely service is without prejudice. Iowa R. Civ. P. 1.302(5). Therefore, we modify the district court's order to be a dismissal without prejudice. In all other respects, we affirm the decision of the district court.

## V.  Disposition.

We vacate the decision of the court of appeals, affirm the decision of the district court dismissing Brubaker's case, and modify the dismissal to be without prejudice.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED AS MODIFIED.**