# IN THE COURT OF APPEALS OF IOWA

No. 16-2095
Filed July 19, 2017

**GARY L. RIEDESEL,**
        Plaintiff-Appellant,

**vs.**

**THE ESTATE OF LLOYD W. FURLONG, II,**
**LLOYD W. FURLONG, II,**
**BECKY FURLONG,**
        Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Muscatine County, John D. Telleen, Judge.


        Plaintiff appeals the district court's grant of the motion to dismiss the decedent and decedent's estate from the litigation for failure to timely serve the petition pursuant to Iowa Rule of Civil Procedure 1.302(5).  **AFFIRMED.**


        Cynthia Z. Taylor of Zamora, Taylor, Woods & Frederick and Carrie E. Coyle of Carrie E. Coyle, P.C., Davenport, for appellant.

        Brian T. Fairfield of Brooks Law Firm, P.C., Rock Island, Illinois, for appellees.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

On October 30, 2013, Lloyd Furlong, a resident of Ohio, was driving a pickup truck when he rear-ended the vehicle of Iowa resident Gary Riedesel. Thereafter, Riedesel's attorney negotiated with Lloyd's insurer concerning the personal injury damages Riedesel sustained in the collision, and in November 2014, the insurer sent a proposed settlement agreement offering to compensate Riedesel in exchange for a full release of all claims against "Lloyd and Becky Furlong and the Estate of Lloyd Furlong."[1] It was evident at this time to Riedesel that Lloyd had since passed away.

On October 22, 2015, Riedesel filed suit against Lloyd, Becky, and Lloyd's estate (collectively "Defendants"). At no time did Riedesel verify that the estate was open—it was not; in fact, the estate was released from administration with the Ohio probate court's approval in August 2014. Nevertheless, Riedesel attempted to serve the suit papers upon Becky, in both her individual capacity and as the executor of Lloyd's estate. After several unsuccessful attempts to serve Becky, Riedesel filed a timely motion seeking an extension of time for service upon Defendants. The court then granted Riedesel "until February 28, 2016, to attempt personal service of the court documents upon Defendants." Becky was served on February 4, 2016.

Becky, in her individual capacity, subsequently filed an answer. Later, Lloyd and Lloyd's estate filed a motion to dismiss the petition for failure to timely serve the estate. In the motion, it was admitted that Becky had been served within the extended time granted by the court. However, the motion noted that

---

[1] Lloyd and his wife, Becky, co-owned the pickup truck.

the estate had not been served and that Riedesel had not taken any affirmative steps to do so, since there had been no filing seeking to reopen Lloyd's estate for the purpose of pursuing the suit and serving the estate. Since Riedesel failed to serve the estate within the time granted by the court, the motion sought dismissal of dismissal of Lloyd and Lloyd's estate from the suit.

In response, Riedesel essentially argued that, based upon the language in Lloyd's insurer's settlement offer, Riedesel had a good-faith belief an estate had been opened for Lloyd and "was still in process" at the time of the offer. Riedesel complained he had received no notice of the estate being opened or closed. He argued he had good cause for another extension of time for service based upon his belief an estate was open when he filed the suit, and Becky's alleged evasion of service delayed service, and because Becky was the only person who would receive notice on behalf of the estate—as administrator—and she had already been served anyway. At the hearing, Riedesel requested an extension of time to allow him to reopen Lloyd's estate and have its personal representative served.

Following a hearing on the motion, the district court, in a well-reasoned ruling, granted the motion to dismiss and dismissed the suit against Lloyd and Lloyd's estate without prejudice. The court noted Riedesel's counsel "appeared to have made no efforts to determine if there was still an existing entity, the Estate of Lloyd W. Furlong, before filing suit." The court found Riedesel had not been diligent in serving the estate as required under the rules. The court explained that attempting service upon Becky, even identified as the executor of the estate, could not effectuate service upon the nonexistent estate. The court noted Becky had no obligation to notify Riedesel of the estate's closure and that

there had been sufficient time for Riedesel to discover the estate was closed and have it reopened pursuant to Iowa Code section 633.227(3) (2015), which allows creditors to open an administration of probate. Because Riedesel had made no attempt to reopen the estate, the court denied his request for an extension of time under rule 1.302(5) dismissed Lloyd and Lloyd's estate from the litigation.[2]

Riedesel now appeals, arguing the district court erred in denying his request for additional time and in dismissing Lloyd's estate from the suit. He advances the same arguments raised before the district court—that he, in good faith, believed the estate remained opened because of the language used by Lloyd's insurer and because Becky never informed him otherwise, and that he diligently attempted to timely serve Becky, who has been and would be, when reopened, the executor of Lloyd's estate, so there is no question she was aware of Riedesel's intention to bring a suit against Lloyd's estate. Our review of the court's ruling is for correction of errors at law. *See Brubaker v. Estate of DeLong*, 700 N.W.2d 323, 326 (Iowa 2005).

Iowa Rule of Civil Procedure 1.302(5) requires service of the notice be made upon the defendant within ninety days after the petition is filed, but the time can be extended if the filing party "shows good cause for the failure of service." "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service" are generally not sufficient to show good cause. *Brubaker*, 700 N.W.2d at 327. Rather, the filing party must show he or she

---

[2] Riedesel filed an application for interlocutory appeal of the ruling on Becky's motion to dismiss, which was subsequently denied by the Iowa Supreme Court. In a later motion—not at issue here—the district court granted Becky's motion for summary judgment, thus ending the litigation at the district court level.

affirmatively tried or was prohibited from trying, through no fault of his or her own, to serve the defendant.  *See id.*

Riedesel points to his affirmative attempts to timely serve Becky as justification for his failure to timely serve the estate.  The problem with his argument is that, even accepting for the sake of argument that Becky evaded service of process, there is nothing in the record that shows this would have made any difference concerning service upon the non-existent estate.  That Becky knew Riedesel wanted to sue the estate did not matter; there was no estate to sue.  *See id.* at 326-27; *see also Brown v. Roberts*, 205 N.W.2d 746, 748 (Iowa 1973) ("For another reason the notice given defendant-owner's former executor was insufficient.  She was discharged before she was served with any notice.  The notice was therefore ineffective to bind the estate.").

The plaintiff's suit in *Brubaker* suffered a similar fate; specifically, Brubaker served the person who was to be the administrator of the decedent's estate before the estate was opened, rendering that service defective.  *See Brubaker*, 700 N.W.2d at 326-27.  Brubaker then served the administrator after the estate was opened, but it was not within the extended time granted by the court.  *See id.*  It mattered not that the administrator already had notice within the applicable time period that Brubaker intended to sue the estate; Brubaker had to show good cause for his failure to do so within the extended time but offered no reason for the delay.  *See id.* at 327.  The supreme court concluded this was the result of inadvertence, neglect, and half-hearted attempts to obtain service over the defendant.  *See id.*

Riedesel's failure to timely inquire into the status of the estate once he learned of Lloyd's death clearly falls into one of the categories that do not excuse the failure to serve—inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden. While the rules are to be liberally construed, we cannot simply ignore them. *See Wilson v. Ribbens*, 678 N.W.2d 417, 420 (Iowa 2004). We find no error in the district court's denial of Riedesel's request for a further extension of time under rule 1.302(5) because Riedesel failed to show good cause why he did not reopen and timely serve the estate's personal representative. We affirm the decision of the district court granting the motion to dismiss.

**AFFIRMED.**