# IN THE COURT OF APPEALS OF IOWA

No. 19-1194
Filed June 3, 2020

**IN THE INTEREST OF B.G.,**
**Minor Child,**

**A.G., Father,**
　　Petitioner-Appellant,

**S.F., Mother,**
　　Respondent-Appellee.

_____

　　Appeal from the Iowa District Court for Keokuk County, Daniel Kitchen,

District Associate Judge.

　　A father appeals the dismissal of his petition to terminate his parental rights.

**REVERSED AND REMANDED.**

　　A.G., Newton, self-represented appellant.

　　S.F., Ollie, self-represented appellee.

　　Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

The district court dismissed a father's petition to terminate his parental rights to B.G. The father appeals. We reverse and remand for further proceedings.

B.G.'s father is incarcerated. On November 19, 2018, the father filed a petition to terminate parental rights pursuant to Iowa Code section 600A.8 (2018). The same day, the father also filed an "Application to proceed in Forma Pauperis." The district court entered an order stating the father's "Motion to proceed without a filing fee is granted."[1]

The father filed a motion asking the court to order the Keokuk County Sheriff to serve the mother without prepayment of fees and costs.[2] The court denied the father's request. The father then asked the court to permit service via certified mail. The court denied this request. The father filed a motion for reconsideration. The court denied the motion. The father then requested an expanded ruling. In response, the court entered an "order dismissing" the case. The order was dated July 1, 2019. It stated, in pertinent part:

> On November 19, 2018, [the father] filed an application to terminate his own parental rights to the child herein. Thereafter, [the father] filed a number of pleadings . . . . Those pleadings were denied. More than twice the ninety (90) day period for service of an Original Notice have passed since filing, and no Original Notice has been served on necessary parties herein.
> IT IS THEREFORE ORDERED pursuant to Iowa Rule of Civil Procedure 1.302(5) that the Petition and this case are hereby DISMISSED.

---

[1] *See* Iowa Code § 610.1. *But see id.* § 610A.1.
[2] *See* Iowa Code §§ 610.2, .3.

The father now appeals.[3] He argues the district court erred in its application of Iowa Rule of Civil Procedure 1.302(5).[4] It provides:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion *or its own initiative after notice to the party filing the petition*, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P. 1.302(5) (emphasis added).

As the father notes, this rule authorizes the court to take action "on its own initiative" but only "after notice to the party filing the petition." In this case, the court dismissed the petition without first giving "notice" to the father. We conclude this was in error.

---

[3] "We review a motion to dismiss for failure to effect timely service of process for the correction of errors at law." *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004). Although no motion was filed prior to dismissal, we believe the same standard of review applies.

[4] The father also argues the district court failed to allow the father "to serve notice." But his briefing relies on Iowa Code section 600A.6, which governs *notice of termination hearings*. And this appeal is not about notice of a termination hearing. In fact, so far as we can tell, no termination hearing was scheduled. *See* Iowa Code § 600A.6(3) (specifying contents of notice of termination hearing, including "time and place of the hearing"); *cf. id.* § 600A.6(2)(a) (noting the child must have a guardian before notice of a termination hearing can be served). Instead, this appeal is about the district court's dismissal because of the father's apparent failure to timely serve *the original notice*—a requirement in (almost) all civil cases, not just termination actions. *See* Iowa R. Civ. P. 1.302(3) ("An original notice shall be served with a copy of the petition. The plaintiff is responsible for service of an original notice and petition within the time allowed under rule 1.302(5) and shall furnish the person effecting service with the necessary copies of the original notice and petition. This rule does not apply to small claims actions."); *see also Bell v. 3E*, No. 19-0310, 2019 WL 4298045, at *2 n.1 (Iowa Ct. App. Sept. 11, 2019) (concluding rule 1.302(5) "does not apply" to petitions for judicial review of administrative agency action under Iowa Code section 17A.19).

So we reverse and remand for further proceedings. On remand, the court shall provide the father an opportunity to show why his petition should not be dismissed pursuant to rule 1.302(5). If the court concludes dismissal is appropriate, the court shall dismiss the action without prejudice.[5]

**REVERSED AND REMANDED.**

---

[5] "All involuntary dismissals, except those for want of jurisdiction or improper venue, are dismissals on the merits unless they specify otherwise." *Brubaker v. Estate of DeLong*, 700 N.W.2d 323, 327 (Iowa 2005) (citing Iowa R. Civ. P. 1.946). So any dismissal under rule 1.302(5) should specify that it is a dismissal without prejudice.